## METROPOLITAN LIFE INS. CO. v. BUTLER.

### No. 3641.

Court of Civil Appeals of Texas. Beaumont.

March 20, 1941.

Rehearing Denied April 2, 1941.

188

Vinson, Elkins, Weems & Francis and Simon Frank, all of Houston, for appellant.

Adams, Hart & Daughtry and Maston Meagher, all of Beaumont, for appellee.

COMBS, Justice.

In this case the plaintiff, Alphonce Butler, recovered judgment against the appellant insurance company, defendant below, for disability benefits in the aggregate amount of $623.04. Also $145 cash value of retirement annuity feature of the policy under which he was insured. This latter sum was tendered into court by the insurance company and there is no dispute here concerning his right to recover it.

The insurance company defended against the claim for disability benefits on the ground that plaintiff was not totally and permanently disabled within the meaning of the policy. The policy provided with respect to permanent disability insurance that the company would pay the stipulated amounts upon receipt of due notice that insured "has become totally and permanently disabled as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation or performing any work for wage or profit * * *",

etc. The proof shows that on February 25, 1937, while an employee of Magnolia Refining Company and covered by said policy, appellee severely strained his back while assisting other workmen in carrying a heavy pipe. He was confined to the hospital for several days and then removed to his home where he was under the treatment of a physician for some seven months. He claims that his back is in such condition that he cannot do any lifting or manual labor without severe pain. His medical witness, Dr. F. W. Sutton, testified that he treated plaintiff from the time he was injured; that he treated him regularly for seven months and has seen him a number of times since. He gave it as his opinion that plaintiff is totally and permanently disabled. He stated that plaintiff is a large man. He weighed 260 pounds when injured and has lost about thirty pounds in weight since his injury; that his injury was a strain of the lumbar muscles, and in his opinion he will never be able to do physical labor. At the time of trial plaintiff was wearing a belt which Dr. Sutton prescribed for him. Dr. Sutton was asked:

"Q. Doctor, taking a man that only went to about the sixth grade in school, has never done anything but heavy labor, manual labor, and has an injury such as this man suffers, do you know any kind of work he can do? A. I don't know of any."

On cross-examination Dr. Sutton stated that appellee could do tasks not requiring physical exertion, such as bookkeeping and the like, provided he was mentally qualified, but he was positive in his opinion that plaintiff could not do physical labor. The insurance company offered medical testimony to the effect that plaintiff is not disabled at this time. The X-ray picture showed no injury to the bones of the spine. And Dr. Fortney who treated him at the hospital testified that when he left the hospital he walked and appeared to be well. Plaintiff has assisted in looking after a filling station owned by his wife for a year and a half. Also, moving pictures were offered showing plaintiff removing a wheel from an automobile. He freely admitted looking after the filling station and removing the wheel on the occasion in question but testified that he merely sat around the station and assisted the boys who were operating it. In this he was corroborated by his wife.

On jury findings that plaintiff is totally and permanently disabled, the trial court entered judgment in his favor.

■ We overrule appellant's contention that the jury's findings of total and permanent disability were without sufficient support in the evidence. True, the insurance company strongly controverted plaintiff's proof on those issues. But under the evidence, the issue of disability was one of fact for the jury. So far as revealed by the record, plaintiff's witness Dr. Sutton is an experienced and reputable physician. He explained at length the reason for his opinion that plaintiff is totally and permanently disabled. His testimony, to say nothing of the testimony of plaintiff and his wife, supports the jury's findings sufficiently that this court would not be warranted in setting them aside.

The fact that plaintiff has been able to assist the employees in operating his wife's filling station was a fact to be considered by the jury in determining whether or not he is totally disabled. But under the facts and circumstances in evidence, it did not establish, as a matter of law, that he is not so disabled. Great Southern Life Ins. Co. v. Johnson, Tex.Com.App., 25 S.W.2d 1093; Hefner v. Fidelity & Cas. Co., Tex.Civ. App., 160 S.W. 330; Id., 110 Tex. 596, 606, 222 S.W. 966; Kemper v. Police & Firemen's Ins. Ass'n, Tex.Com.App., 44 S.W.2d 978. In the Johnson case, supra [25 S.W.2d 1097], Judge Ryan said:

"A policy requiring payment for total disability ordinarily is not one of indemnity against loss of income but against loss of capacity to work. 6 Cooley's Briefs on Insurance (2d Ed.) 5536. 'Total disability' is necessarily a relative matter, and must depend chiefly on the peculiar circumstances of each case and on the nature of the occupation or employment and the capabilities of the person injured. It does not mean absolute physical disability of the insured to transact any kind of business pertaining to his occupation, but exists if he is unable to do any substantial portion of the work connected therewith."

In the case before us the evidence shows that plaintiff is a common laborer. His work at the time he was injured required heavy physical exertion. His proof was ample to show that from the time of his injury he has not been able to do any substantial work requiring physical exertion. And if the opinion of his medical witness Dr. Sutton is to be accepted, he never will be.

■■ Appellant complains of the argument of counsel wherein he said to the jury "We can't have temporary disability and permanent disability at the same time because they're just as different as day and night; you cannot have day while you have night * * * if it is permanent it cannot be temporary"; and also "If he had total disability then he cannot have partial disability, because those two things are just opposite." It is contended that the argument constituted reversible error because it had the effect of informing the jurors the effect of their answers. The assignment is overruled. The argument quoted occurred at different times while counsel was discussing the several issues relating to "temporary", "permanent", "partial" and "total" disability. We think it was perfectly proper argument. By the argument complained of counsel did nothing more than to emphasize the matters inquired about in the several issues and direct the jury's attention to the difference in "total" disability and "partial" disability, "permanent" disability and "temporary" disability. The very purpose of argument is to clarify the issues and aid the jury in making proper findings thereon. Courts should be as ready to encourage argument which tends to accomplish that purpose as they have been to condemn appeals to passion and prejudice. And if counsel cannot discuss the meaning of the issues and argue upon the evidence that they should be answered in a certain manner, then the purpose is defeated and argument of counsel reduced to a meaningless harangue, in no-wise contributing to fair and just jury verdicts. In this connection we express our hearty agreement with the comment of Justice Cody speaking for the Galveston Court of Civil Appeals in Yellow Cab Co. v. Underwood, 144 S.W.2d 291, writ dismissed, correct judgment.

■ Complaint is also made of the failure of the court to define the term "totally disabled". The assignment is without merit. In submitting the issues, the court embodied therein the very words of the policy defining the term. The words were simple and plain and no amount of "defining" could have aided the jury. Definition would more likely have resulted in confusion than clarification.

Finding no error, the judgment of the trial court is affirmed.

Affirmed.