Lance Hendrix and Denise Hendrix purchased a new home from Aquarius Investments, Inc. Aquarius provided the Hendrixes a limited warranty on their new home. The warranty agreement contained *Page 32 
a clause providing for the arbitration of "any and all disputes arising under this agreement."
A dispute arose over certain repairs to be performed on the new home. The Hendrixes sued Aquarius and E. Ray McKee, Jr. (hereinafter collectively referred to as the "defendants"), alleging breach of warranty, negligent repair, and breach of contract. Their damages claims included a claim for mental anguish. The record does not indicate the exact nature of the relationship between Aquarius and McKee, but it appears that McKee was Aquarius's agent who sold the home to the Hendrixes. The defendants' answer does not appear in the record on appeal. However, it is clear that the defendants moved the court to order the plaintiffs to arbitrate their claims. The trial court did so. McKee was not a party to the contract between Aquarius and the Hendrixes. However, he was a party to the arbitration and to the trial court's judgment, based on the arbitration award, and he is a party to one of the appeals now before this court. Neither party addresses the issue of McKee's status within the action; therefore, this court will also treat McKee as a party to the arbitration.
After conducting a hearing, the transcript of which does not appear in the record on appeal, the arbitrator, on July 24, 2000, awarded the Hendrixes a total of $16,322.42 in damages. The record indicates that on July 31, 2000, the Hendrixes filed a motion for an order confirming and adopting the arbitrator's award. See §§ 6-6-12 and 6-6-15, Ala. Code 1975. The record indicates that on July 27, 2000, the defendants filed a response to the Hendrixes' motion and, in that response, moved the court to vacate certain portions of the arbitrator's award and moved for a "postponement of confirmation and adoption of the remainder" of the award until certain provisions of that award could be "clarified." (The record does not indicate why the Hendrixes' motion appears to have been filed several days after the defendants' "Response to Plaintiff's Motion for Order Confirming and Adopting Arbitration Award and Motion to Vacate Award.") On August 3, 2000, the defendants filed an appeal in the trial court, pursuant to § 6-6-15, Ala. Code 1975.
On August 28, 2000, the trial court entered an order granting the Hendrixes' motion to confirm and adopt the award of the arbitrator. It entered a judgment in favor of the Hendrixes in the amount of $16,322.42. The defendants filed a second notice of appeal. This court granted the defendants' motion to consolidate the two appeals.
The record indicates that the parties agreed that the transaction out of which this dispute arose involved interstate commerce and, therefore, that the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq., governs. When the FAA governs a dispute, federal substantive law governs and preempts contrary state law. Terminix Int'l Co. Ltd. P'ship v.Jackson, 669 So.2d 893 (Ala. 1995).
 "Where parties, as in this case, have agreed that disputes should go to arbitration, the role of the courts in reviewing the arbitration award is limited. Transit Casualty Co. v. Trenwick Reinsurance Co. 659 F. Supp. 1346 (S.D.N Y 1987), affirmed, 841 F.2d 1117 (2d Cir. 1988); Saxis Steamship Co. v. Multifacs International Traders, Inc., 375 F.2d 577 (2d Cir. 1967). On motions to confirm or to vacate an award, it is not the function of courts to agree or disagree with the reasoning of the arbitrators. Application of States Marine Corp. of Delaware, 127 F. Supp. 943
(S.D.N.Y. 1954). Courts are only to ascertain whether there exists one of the specific *Page 33 
 grounds for vacation of an award. Saxis Steamship Co.[, supra]. A court cannot set aside the arbitration award just because it disagrees with it; a policy allowing it to do so would undermine the federal policy of encouraging the settlement of disputes by arbitration. United Steelworkers of America v. Enterprise Wheel Car Corp., 363 U.S. 593 (1960): Virgin Islands Nursing Association's Bargaining Unit v. Schneider, 668 F.2d 221 (3d Cir. 1981). An award should be vacated only where the party attacking the award clearly establishes one of the grounds specified [in 9 U.S.C. § 10(a)]. Catz American Co. v. Pearl Grange Fruit Exchange, Inc., 292 F. Supp. 549 (S.D.N Y 1968)."
Maxus, Inc. v. Sciacca, 598 So.2d 1376, 1380-81 (Ala. 1992), overrulingon other grounds recognized in Terminix Int'l Co. v. Jackson, 628 So.2d 357
(Ala. 1993). See Ex parte Jones, 628 So.2d 316 (Ala. 1993), and DeltaConstr. Corp. v. Gooden, 714 So.2d 975, 978-79 n. 5 (Ala. 1998). "Judicial review of arbitration awards is `narrowly limited,' and the FAA presumes that arbitration awards will be confirmed." Gianelli MoneyPurchase Plan Trust v. ADM Investor Servs., Inc., 146 F.3d 1309, 1312
(11th Cir. 1998) (citing Davis v. Prudential Sec., Inc., 59 F.3d 1186
(11th Cir. 1995)). Courts are to review factual findings contained in an order confirming or vacating an arbitration award for clear error; legal decisions are reviewed de novo. Gianelli Money Purchase Plan Trust v.ADM Investor Servs., Inc., supra.
The defendants first argue that the arbitrator erred in awarding the Hendrixes damages for mental anguish. The FAA provides that an arbitration award may be vacated under the following circumstances:
 "(1) Where the award was procured by corruption, fraud, or undue means.
 "(2) Where there was evident partiality or corruption in the arbitrators, or either of them.
 "(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 "(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
9 U.S.C. § 10(a).
The defendants argue that the arbitrator exceeded his authority by awarding damages for mental anguish because, they argue, the warranty agreement that contained the arbitration provision excluded liability for a claim for mental anguish. See 9 U.S.C. § 10(a)(4). The party claiming that an arbitrator exceeded his authority in making an award carries a heavy burden. Willoughby Roofing Supply Co. v. Kajima Int'l,Inc., 598 F. Supp. 353 (N.D.Ala. 1984); H.L. Fuller Constr. Co. v.Industrial Dev. Bd. of the Town of Vincent, 590 So.2d 218 (Ala. 1991).
The relevant portion of the warranty-agreement provision upon which the defendants rely reads as follows:
 "4. BUILDER does not assume responsibility for any of the following, all of which are expressly excluded from coverage under this Limited Warranty:
". . . .
 "(b) Incidental, consequential, or secondary damages caused by a breach of this warranty."
The defendants argue that damages for mental anguish constitute "incidental, consequential, or secondary damages" that the *Page 34 
Hendrixes were not entitled to recover under the warranty agreement because such damages, the defendants argue, do not "arise under the Warranty Agreement."
A party cannot be required to arbitrate a dispute that he or she did not agree to submit to arbitration. Georgia Power Co. v. Partin,727 So.2d 2 (Ala. 1998) (citing ATT Techs., Inc. v. CommunicationsWorkers of America, 475 U.S. 643 (1986); A.G. Edwards Sons, Inc. v.Clark, 558 So.2d 358 (Ala. 1990)). Parties may, through clear and express exclusions in the contract containing the arbitration provision, exclude from arbitration certain claims or disputes between the parties. H.L.Fuller Constr. Co. v. Industrial Dev. Bd. of the Town of Vincent, supra.[1]
The Hendrixes' complaint and each of their amended complaints claim damages for mental anguish. The defendants filed an objection stating: "To allow evidence as to items not covered by warranty or as to which no proper claim was made would just confuse this tribunal." In that objection, the defendants specifically objected only to the Hendrixes' claim regarding the grass on their lawn, which claim, the defendants argued, was expressly excluded from the Warranty Agreement. Before the arbitration hearing, the defendants filed a "position paper." In that position paper, the defendants did not address the Hendrixes' claim for damages for mental anguish; the defendants did, however, object to the Hendrixes' claim, made under the Warranty Agreement, for interest. The record on appeal does not contain a transcript of the arbitration hearing. However, both parties filed posthearing briefs. The defendants' posthearing brief summarizes the parties' testimony and contains arguments about the validity of various claims. The defendants, in their posthearing brief, made no argument regarding the propriety of a claim for damages for mental anguish. In their posthearing brief, the Hendrixes sought $7,500 as damages for mental anguish and aggravation. The defendants then filed a "posthearing reply brief," in response to the Hendrixes' posthearing brief. They raised, for the first time, an objection to the Hendrixes' claim for mental-anguish damages. In support of their posthearing reply brief, the defendants submitted some of Lance Hendrix's testimony regarding the Hendrixes' claim for mental-anguish damages. In that brief, the defendants also quoted from Lance Hendrix's testimony on that issue.
Thus, the defendants first objected to the Hendrixes' claim for damages for mental anguish after that issue had been tried before the arbitrator and after the defendants had filed their own posthearing brief, a brief in which they did not raise the issue. Further, in their posthearing reply brief, the defendants characterized the Hendrixes' claim for mental-anguish damages as "frivolous and fraudulent." Most of the defendants' argument on this issue addressed what the defendants considered to be inconsistencies in the Hendrixes' testimony. In one sentence the defendants state that it "is quite clear that the [Hendrixes] cannot recover for mental anguish." The defendants then quoted the provision in the Warranty Agreement that *Page 35 
excludes coverage under that agreement for "incidental, consequential, or secondary damages." The defendants did not elaborate on this argument; they cited no law to support this assertion; and they did not argue that damages for mental anguish could constitute "incidental, consequential, or secondary damages." The arbitrator was not a lawyer, but was an expert in the construction industry who was selected by the parties to arbitrate their dispute.
Assuming that the arbitrator was precluded by the Warranty Agreement from awarding damages on the Hendrixes' claim for mental-anguish damages, we conclude that the defendants failed to timely and adequately apprise the arbitrator or the Hendrixes of their position on this issue. The defendants argue that they "specifically objected" to the consideration of any issue not covered under the Warranty Agreement. However, the only issue actually specifically addressed in the "objection" was the claim for damages related to the Hendrixes' lawn.
 "`[C]ourts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation.' O.R. Securities[, Inc. v. Professional Planning Assocs., Inc., 857 F.2d 742, 746 (11th Cir. 1988)]. . . . Thus, a court's ability to vacate an award under section 10(d) depends not on the outcome of a particular legal decision but rather on whether the arbitrators were requested to make the decision at all."
J.A. Jones Constr. Co. v. Flakt, Inc., 731 F. Supp. 1061, 1064 (N.D.Ga. 1990).
We cannot say that the defendants properly or adequately apprised the arbitrator of their argument that he should not consider the claim for damages for mental anguish. Therefore, we affirm the trial court's refusal to vacate that portion of the arbitration award awarding damages for mental anguish.
The defendants also argue that the arbitrator erred in awarding the plaintiffs an attorney fee. The defendants do not challenge the reasonableness of the attorney-fee award; they argue only that the provision of the Warranty Agreement that excludes "incidental, consequential, or secondary damages caused by a breach of this warranty" also precludes an award of an attorney fee to the Hendrixes. However, because the rules under which the parties arbitrated allow for an award of an attorney fee, we need not address the issue as framed by the defendants in their brief on appeal.
The parties agreed to arbitrate under the Construction Industry Arbitration Rules of the American Arbitration Association. Those rules provide that "[t]he award of the arbitrators may include: (a) interest at such rate and from such date as the arbitrators may deem appropriate; and (b) an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." Both parties sought an attorney fee from the arbitrator. The arbitration rules under which the parties arbitrated their dispute provide that an attorney fee may be awarded to a party if both parties requested an attorney fee. Thus, the defendants have not shown that the arbitrator improperly awarded the Hendrixes an attorney fee.
Last, the defendants argue that the arbitrator exceeded his authority by making awards of $250 and $553.35 for repairs for which, they argue, the Hendrixes did not make a warranty claim. In support of this argument, the defendants address a factual dispute. The defendants make no argument on this issue that falls within the four grounds for vacating an arbitration award. See 9 U.S.C. § 10(a). "`An award should be vacated only where *Page 36 
the party attacking the award clearly establishes one of the grounds specified [in 9 U.S.C. § 10(a)].'" Maxus, Inc. v. Sciacca, 598 So.2d at 1380-81 (citation omitted). Further, no transcript of the arbitration hearing has been presented for this court's review. A court reviews the confirmation of an arbitration award as it would any other judgment of a lower court; we cannot say the factual determination on this issue was "clearly erroneous." See Davis v. Prudential Sec., Inc., supra.
The judgment is affirmed.
Judge Murdock, in his special writing, states that "[t]he defendants contend at the time arbitration was initiated, there were only two remaining warranty issues, neither of which was a claim for mental anguish." The defendants' brief on appeal contains a one-page argument on the combined issues of the propriety of the award of damages for mental anguish and the award of an attorney fee. In that argument, the defendants argue only that by signing the warranty agreement, which excluded recovery for incidental or consequential damages, the Hendrixes waived any claim for those damages.
The defendants sought to arbitrate this dispute after the Hendrixes had filed their complaint and their amended complaints. The defendants objected to several of the Hendrixes' claims for damages contained within those pleadings, such as the claim related to the lawn and the claim for interest. Those claims to which the defendants objected were contained in the same pleadings in which the Hendrixes sought damages for mental anguish. However, the defendants did not timely object to the claim for mental anguish. When the defendants did object to that claim in the posthearing reply brief submitted to the arbitrator, they characterized that claim as "frivolous and fraudulent" and argued that the Hendrixes' testimony regarding their claim for mental anguish was not credible.
The defendants argued to the trial court, while seeking an award of an attorney fee, that one of the reasons parties enter into an agreement to arbitrate is to reduce their legal costs. However, the defendants' action in requiring the Hendrixes to defend this appeal has necessarily increased the cost of this litigation for the Hendrixes. Given the reasons for the disposition of this appeal, as well as the arguments contained within the two-page argument section of the brief on appeal submitted by the defendants, we conclude that an award of an attorney fee to the Hendrixes is appropriate.
The appellees are awarded $2,000 as an attorney fee.
AFFIRMED.
Yates, P.J., and Crawley and Pittman, JJ., concur.
Murdock, J., concurs in the result in part and dissents in part.
[1] "Of course, where the parties expressly exclude certain claims or issues from their agreement to arbitrate, a certain amount of repetitiveness and the attendant failure to promote judicial economy may have to be tolerated." Willoughby Roofing Supply Co. v. Kajima Int'l,Inc., 598 F. Supp. at 364. "Courts must rigorously enforce agreements to arbitrate, even if doing so means piecemeal litigation." Nobles v. RuralCmty. Ins. Servs., 122 F. Supp.2d 1290, 1295 (M.D.Ala. 2000).