MURDOCK, Justice.
Charles A. Gower asks this Court to vacate an arbitration award in favor of-Turquoise Properties Gulf, Inc. (“Turquoise Properties”), Caribe Realty, Inc., Larry Wireman, and Judy Ramsey Wire-man (hereinafter collectively referred to as “Turquoise”) that concerned Gower’s pre-construction agreement to purchase a condominium unit in- a complex developed by Turquoise Properties. We reverse the judgment of the circuit court affirming the arbitration award -and remand the case.

I. Facts and Procedural History

Gower is a practicing attorney who, according'to the arbitrator’s award, “has had numerous real -estate developments and still owns condominiums in the Gulf area.” In April or 'May 2005, Gower found out about Turquoise Place, a condominium development Turquoise Properties was developing in Orange Beách (“the complex”).[1] Gower contacted 'Jüdy Wireman, an employee óf Caribe Realty, Inc., and the real-estate agent for- Turquoise Properties, about the'prospect of purchasing a condominium unit in the complex. Gower testified that Wireman ‘advised him that Tower I of the complfex was completely sold out and that there were only a few units left to purchase in Tower II. Gower further testified that sales personnel for Turquoise Properties created the impression that if a person did not act quickly, he or she would miss out on owning a condominium' unit in the complex.[2] Wireman testified that she never communicated with anyone that the units in Tower I were sold out, but the arbitrator concluded that,
.“[h]owever it was related, the emphasis was that the commodity was hot, Tower I had nothing'available (and most common Purchasers would have assumed that it meant it was sold out) and that you better rush if you want to get a unit in Tower II because they aré selling out quickly.”
*778 On May.. 11, 2005, Gower, through his son, signed an escrow agreement to purchase a unit in Tower II-of the complex for a purchase price of $1,270,900. .Gower put down a deposit of $254,180 on the property. The purchase agreement contained an arbitration clause that provided that disputes relating to the property would be arbitrated and that arbitration would be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“the FAA”). .
In 2008, Gower visited the site of. the development and discovered that several units-, in the complex, including units in Tower I, had not actually been sold. The arbitration, award stated that “all of the units in Tower I were never sold out.” Gow;er testified that as a result of .Turquoise’s misrepresentation , regarding the units available in Tower I, he .decided not to close on his unit. On August 10, 200⅞ Gower sent his “Notice of Rescission” of the purchase agreement to Turquoise Properties.
On September 17, 2009, Gower filed an “Arbitration Demand” with the American Arbitration Association against Turquoise. Among other claims in this first demand,[3] Gower made claims of common-law fraud and misrepresentation, alleged violations of Alabama’s Uniform Condominium Act, § 35-8A-101 et seq., Ala.Code 1975 (“the AUCA”), and alleged violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq. (“the ILSFDA”)— specifically for violations of the ILSFDA’s regulatory-requirement provisions in 15 U.S.C. § 1703(a)(1) and its antifraud provisions in 15 U.S.C. § 1703(a)(2).[4]
On October 5, 2009, Gower filed his “First Amended Arbitration Demand.” In this amended arbitration demand, Gower essentially repeated the claims he had originally made against Turquoise. On October 15, 2009, Turquoise .filed its answer to Gower’s first amended arbitration demand. In that answer, in a section titled “Affirihative Defenses,” Turquoise stated that Gower’s “claims are barred by the applicable statute of limitations.”
On April 13, 2011, Gower and claimants Steven, J. Becker and Hazel Denise Becker, Mike Alfred, B. Todd Davis and Keith Holland, Mark D. Stephens, and. Weiser Properties, LLC (collectively “the claimants”), filed an “Amended & Consolidated Arbitration Demand” against Turquoise. In relevant part, the claimants alleged violations of the ILSFDA’s antifraud provisions — specifically 15 U.S.C. § 1703(a)(2)(A)-(C), violations of the AUCA, and common-law fraud.[5]
On,May 6, 2011, Turquoise filed its answer to the amended and consolidated arbitration demand. The answer contained a section titled “Affirmative Defenses” in which Turquoise stated that “[claimants’ claims are barred by the applicable statute of limitations.”
On October 14, 2011, Turquoise-filed a “Request for . Interim Award” in which it asked the arbitrator ,.
“to enter an interim award, against Claimants for their claims under Sections 1703(a)(1), 1703(a)(2)(D), 1703(b), 1703(c), 1703(d), and 1703(e), of the [ILSFDA] because said claims are time- *779 barred by the statute of limitations period under 15 U.S.C. [§ ] 1711.”
In this filing, Turquoise noted that
“[section 1711(a)(1) of the [ILSFDA] provides that no action at law or equity shall be maintained for civil liabilities under Section 1709 of the Act with respect to a violation of Sections 1703(a)(1) or 1703(a)(2)(D) of the [ILSFDA] more than three (3) years after the date of the signing of the contract of sale or lease.”
Turquoise further observed that all the claimants had “filed their original arbitration demands more than three (3) years from the date they signed their purchase and escrow agreements.” . Accordingly, Turquoise requested that the arbitrator dismiss “[c]laimants’ claims for violations of Sections 1703(a)(1) and 1703(a)(2)(D) of the [ILSFDA].”
Ón Octobér 19, 2011, the claimants filed a “Response to Motion for Interim Award” in which they stated that Turquoise’s
“motion for interim award only concerns [ILSFDA] statutes that [claimants have not asserted claims under,, specifically 1703(a)(1),. (a)(2)(D), and 1703(b)-(e). These are [ILSFDA] regulatory provisions. Claimants’ claims, however, do arise under §§ 1703(a)(2)(A), (a)(2)(B), and/or (a)(2)(C). These are [ILSFDA.] misleading sales practices provisions which are subject to a longer statute of limitations,”
The claimants further noted that 15 U.S.C. § 1711(a)(2) provides that claims based on “violation[s] of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703” are barred if they are brought “more than three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence.” The claimants contended that they filed then* arbitration demands within three years of their discovery of Turquoise’s misrepresentations. Accordingly, they argued that Turquoise’s motion for an interim award was due to be denied. The claimants also asserted that “although specific claims arising under the regulatory provisions have not been brought, it is well settled, that evidence of regulatory violations can and will support claims under [§] 1703(a)(2)(A), [§] 1703(a)(2)(B), and/or [§] 1703(a)(2)(C), the misleading • sales practices provisions.”
Gower asserts that following the parties’ submissions relating to the request for an interim award, counsel for the parties conferred and agreed that the-claimants were not asserting claims' barred by the statute-óf-limitations provision ' of 15 U.S.C. § 1711(a)(1). In an order dated October 31, 2011, the arbitrator confirmed that he “was advised that the issue raised by [Turquoise] in [its] motion for an interim award has been resolved and said motion is rendered moot.”
Before the arbitration hearing, the parties submitted briefs on the claimants’ claims. On November 1, 2011, Turquoise submitted its “Pre-Hearing Brief.” In the brief, Turquoise first argued that “there were nó misstatements or omissions of material fact” pertaining to the development of the condominium complex. They next argued that “[c]laimants’ [ILSFDA] claims regarding Sections 1703(a)(1) pertaining'to the property report regulatory provisions [and] 1703(a)(2)(D) pertaining to recreational amenities are time barred by Section 1711 since [claimants’ arbitration demands were filed more than three years from their Signing the [purchase] Agreements.” This was the same statute-of-limitations argument Turqúoisé had made in its “Request for Interim Award.” Turquoise further argued that “[t]he evidence will show that [Turquoise] did not mislead, deceive or defraud [c]laimants.” Turquoise did not argue that a statute of limitations was- applicable to the claimants’ ILSFDA claims. under, its antifraud- provi *780 sions. As to the AUCA, Turquoise argued that “none of the alleged omissions or failures to amend asserted by [claimants'are required to be disclosed or amended in the Offering Statement” and that “the express warranty provisions of the AUCA do not encompass these types of alleged misrepresentations claimed by [claimants.” Turquoise did not argue that a statute of limitations was applicable to the claimants’ AUCA claims. In the conclusion of this brief, Turquoise stated that the brief was “designed to apprise the arbitrator of various issues, evidence and testimony expected at the hearing of this matter. [Turquoise] willfully brief the arbitrator on all issues of law and fact after the hearing and receipt of transcripts of the testimony therein.” (Emphasis added.)
The claimants also filed a pre-hearing brief. Regarding their ILSFDA claims, they generally argued that “[Turquoise] repeatedly engaged in numerous [ILSF-DA] misleading sales practices in order to induce the [e]laimants to pay substantial deposits and sign substantial purchase agreements.” The claimants repeated that “[t]he applicable misleading sales practices provisions” of the ILSFDA were in 15 U.S.C. § 1703(a)(2)(A)-(C). The claimants contended that Turquoise “clearly violated [§] 1703(a)(2)” and that “a [d]eveloper may not contract away its duties of truthful and full disclosure required under the [ILSF-DA].” The claimants also argued that Turquoise had “violated [§] 1703(a)(2)(D)” and that Turquoise had “violated section 1703(a)(1),” but they noted as they had in their response to Turquoise’s motion for an interim award that “[violations of these provisions are evidence of [§] 1703(a)(2)(A)-(C) violations.” The claimants also continued to contend that Turquoise had violated provisions of the AUCA.
On November 14, 2011, the arbitrator began a three-day hearing on the claimants’ claims. The arbitrator noted in his award that Gower’s case
“was tried in ■ conjunction with four (4) other [claimants having similar type claims against the same [respondents. The [claimants in those proceedings testified as. well[;] however, their testimony was only attributed to their cause of action, and not considered as part of the findings and conclusions in this subject matter.”
In .the hearing, counsel for the claimants reiterated that their claims pertained to the “misleading sales practices” provisions of the ILSFDA. , Neither side discussed, nor did the arbitrator raise the issue of, the applicability of a statute of limitations to any of the claimants’ claims.
On February 7, 2012, Turquoise submitted its “Post-Hearing Brief’' to the arbitrator. In that brief, Turquoise noted that “[claimants claim relief under ILSFDA §§ 1703(a)(2)(A)-(C), ILSFDA’s anti-fraud provisions. Claimants do not claim relief under ILSFDA § 1703(a)(1), ILSFDA’s regulatory and reporting provisions, or ILSFDA §§ 1703(b)-(e) ás the same are time-barred by the statute of limitations.” Turquoise provided several arguments against the claimants’ claims under ILSF-DA § 1703(a)(2)(A)-(C),[6] but it did not argue that those claims were barred by a statute of limitations. Turquoise also provided several arguments concerning why it believed the. claimants’ AUCA claims also failed, but it did not mention a statute of limitations as one of those reasons.
*781 The claimants filed a consolidated reply brief in response to Turquoise’s post-hearing brief. In the reply brief, the claimants again reiterated that their ILSFDA claims were based on § 1703(a)(2)(A)-(C). In the brief, the claimants did not address the applicability of a statute of limitations to any of their claims.
On March 22, 2012, the arbitrator entered separate awards for each claimant, including Gower. The arbitrator awarded 3 of the other claimants 70 percent of their earnest-money deposits on théir respective condominium units, and he awarded a fourth claimant 50 percent of the earnest-money deposit.
In the award concerning Gower’s claims, the arbitrator noted:
“In his claim for relief, [Gower] has alleged a violation of Section 1703(a)(2) of the ILSFDA, upon the false representations that all units in Tower I were sold out and that there were very few units left for sale in Tower' II and that they were selling fast.
“[Gower] has further alleged a violation of the Alabama Statute [§] 35-8A-413 as to the representations with regard to the units and the improvements thereon.”
With regard to the testimony at the hearing, the arbitrator observed that “[t]here was no evidence presented to the Arbitrator that the alleged false representations regarding-the status of the sales of Tower I and/or Tower II were made at any date other than the date around the signing of the purchase agreement.” After making these observations,, the arbitrator concluded: “No action to rescind the purchase agreement was taken by [Gower] for more than four (4) years after entering the same. The attempted rescission action taken after four (4) years is barred by the applicable statute of limitations.” . The arbitrator therefore awarded Gower’s earnest-money deposit to Turquoise. In closing, the arbitration award stated that “[t]his Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.”
On March 26, 2012, pursuant to Rule 48 of the American Arbitration Association Construction Industry Arbitration Rules, Gower filed a “Motion to Modify Award,” arguing that the arbitrator erred by invoking a statute of limitations when none had been argued by Turquoise. The arbitrator denied the motion on April 25,2012.
On April 19, 2012, pursuant to Rule 71B, Ala. R. Civ. P., Gower filed in the Baldwin Circuit Court a notice of appeal of the arbitration award. On June 28, 2012, Gower filed in that court a motion for entry 'of the arbitration award as a .final judgment. On July 18, 2012, the circuit court entered the arbitration award as a final judgment. On August 17, 2012, Gower filed a motion to alter, amend, or vacate the arbitration award. The circuit court denied Gower’s motion on August 22, 2012. On October 2, 2012, Gower appealed the judgment entered on the arbitration award to this Court.

II. Analysis

Gower contends that the arbitration award must be vacated or modified under 9 U.S.C. § 10(a)(4) or 9 U.S.C. § 11(b), provisions of the FAA, because, he says, the arbitrator exceeded his powers in invoking a statute of limitations to deny Gower’s claims. Turquoise argues that the arbitrator did not exceed his powers because, it argues, the issue whether a statute of limitations applies to Gower’s claims was submitted to the arbitrator in its pleadings.
We begin by noting that vacatur of an arbitration award governed by the FAA is authorized only under 9 U.S.C. § 10 and modification of an award is authorized only under 9 U.S.C. § 11. Section 11 provides, *782 in the main, for the correction of arbitration awards on grounds not applicable in this case.[7] In- this case, modifying the arbitration-' award in -the way Gower requests — finding that a statute of limitations cannot be invoked — would affect the merits of the controversy in a manner not contemplated by § 11. See generally NCR Corp. v. Sac-Co., Inc., 43 F.3d 1076, 1081 (6th Cir.1995).
Therefore, Gower’s only asserted recourse for relief is under § 10 of the FAA, and specifically § 10(a)(4). That, section states:
“(a) In any qf the following cases the United States., court in and, for the district whereiipthe award was made may make an. order vacating the award upon the application of any .party to the arbitration—
[[Image here]]
“(4) where ■ the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and defi-t nite award upon the subject matter submitted was not made.” , , .
Whether an arbitrator has exceeded his or her powers is determined by the scope of the arbitration agreement and the issues submitted for review by the parties. "
“Sections 10 and 11 of the Federal Arbitration Act (the ‘FAA’), 9 U.S.C. §§ 10 and 11, provide ‘the exclusive means by which a federal court may upset an arbitration panel’s award.’ White Springs Agricultural Chems., Inc. v. Glawson Inv. Corp., 660 F.3d 1277, 1280 (11th Cir.2011). Section 10(a)(k) empowers a court to vacate an arbitration award if the arbitrators ‘exceeded their powers, ’ but the provision applies narrowly and only if the arbitrators decide an issue not submitted by the parties or grant relief not authorized in the arbitration agreement. Blue Tee Corp. v. Koehring Co., 999 F.2d 633, 636 (2d Cir.1993) (quoting Andros Compania Maritimo, S.A. v, Marc-Rich & Co., A.G., 579 F.2d 691, 703 (2d Cir.1978)); 2 Domke on Commercial Arbitration § 39:6 (2012). ‘ “[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.”’ Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473. U.S, 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (quoting, Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)); White Springs, 660 F,3d at 1281, A party cannot ‘overcome the “high hurdle” necessary for vacating an arbitration,award when there is a plain basis for .the panel’s award in the parties’ agreement.’ White Springs, 660 F.3d at 1281 (citing Stolt-Nielsen, S.A. v. AnimalFeeds, Infl Corp., 559 U.S. 662, 130 S.Ct. 1758, 1767, 176. L.Ed.2d 605 (2010)).”
Morgan Stanley & Co. v. Core Fund, 884 F.Supp.2d 1229, 1231 (M.D.Fla.2012) (em *783 phasis added). See also DiRussa v. Dean Witter Reynolds,- Inc., 121 F.3d 818, 824 (2d Cir.1997)' (“Our inquiry under § 10(a)(4) thus focuses on whether the arbitrators had the power, based on the parties’ submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue.”); Ladner v. Daikon Shield Claimr ants Trust (In re A.H. Robins Co.), 238 B.R. 300, 309 (E.D.Va.1999)'(“[Arbitrators do not exceed their powers unless ■ they rule on matters outside of their'proper consideration, they rule on a question not put before them, or they render a decision beyond the scope of the issues submitted for decision”).
The parties'agree that the issue in this case is whether the issue of the applicability of a statute of limitations to Gower’s claims was submitted to the arbitrator. Before we directly address that issue, we note that Gower contends that even if the issue was submitted to the arbitrator, .the arbitrator incorrectly-applied the potentially applicable statute of limitations to his claims. Concerning his ILSFDA claims, Gower notes that there are two potentially applicable statutes of limitations for ILSF-DA claims, found in 15 U.S.C. § 1711(a). That section provides:
' “(a) Section 1703(a) violations
“No action shall be maintained under section 1709 of this title with respect to—
“(1)' a violation of subsection (a)(1) or '(a)(2)(D) of section 1703 of this title more than three years after the date of signing of the contract of sale or lease; or
“(2) a violation of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) Of section 1703 of this title more than three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence.”
The arbitrator’s award is conspicuous in the fact that it does not expressly identify, the statute of limitations the arbitrator deemed applicable to - Gower’s claims, nor does it identify which claims he deemed to be. barred by 'the unspecified statute of limitations.[8] Gower observes that, to the extent the arbitrator may have applied any portion of § 1711, the award appears to apply the limitations period of § 1711(a)(1) because the'award focuses oh the fact that Gower attempted to rescind his agreement with Turquoise “more than four years after entering” into the agreement.[9] Section 1711(a)(1) bars certain *784 claims brought more .than three years after the execution of the agreement in question.
As Gower notes, the problem with applying the statutory bar of § 1711(a)(1) to Gower’s ILSFDA claims is that § 1711(a)(1) applies only to claims brought under § 1703(a)(1) or (a)(2)(D), and Gower did not bring any claims under those subsections. Indeed, as we related in the statement of facts in Part I, during the course of the arbitration, Turquoise filed a motion for an interim award on the basis that any claims brought by the claimants under § 1703(a)(1) or (a)(2)(D) were barred by the statute of limitations of § 1711(a)(1). In response, the claimants emphasized that they were not making any claims under § 1703(a)(1) or (a)(2)(D) of the ILSFDA; rather, they had brought their claims- under § 1703(a)(2)(A)-(C). Turquoise eventually agreed on this point and dropped its request for an interim award. The arbitration award confirmed that Gower “has alleged a violation of Section 1703(a)(2) of [the] ILSFDA, upon the false representations that all units in Tower I were sold out- and that there were very few units left for sale in Tower II and they were selling fast.” In this appeál, Turquoise appears to agree that the limitations period of § 1711(a)(1) does not apply to Gower’s claims when it states:
“Gower misrepresents that- there is no applicable’ statute of limitations to bar Gower’s claims, while in fact there are at least two. First, [ILSFDA’s] Limitation of Actions bars recovery in [ILSFDA] anti-fraud actions more than three years after discovery of violation or after discovery should have been made by the exercise of reasonable diligence. 15 U.S.C. § 1711(a)(2), Second, Alabama has a similar bar for fraud claims except that the time period is shorter, two years instead of three. Ala.Code § 6-2-3 (1975).”
(Emphasis added.) Thus, the parties agree that the only potentially applicable statutory bar to Gower’s ILSFDA claims is found in § 1711(a)(2). .
. Section 1711(a)(2) bars claims brought under § 1703(a)(2)(A)-(C) more that three years after.the violation should;have been discovered. Gower observes that he did not .discover that Turquoise had misrepresented the number of units that were-available in the development until he visited the site in 2008. Gower filed his first arbitration demand on September 17, 2009, within three years of his discovery, of the violations of § 1703(a)(2)(A)-(C) he alleges Turquoise committed. Turquoise did not contend, and the arbitrator did not find, that Gower should have discovered the misrepresentations sooner than he -actually did. Therefore, ■” it appears that § 1711(a)(2) does not bar Gower’s ILSFDA claims.
If the arbitrator applied Alabama’s limitations period on fraud claims not brought within two years of their discovery, as Turquoise also speculates the arbitrator might have done, the arbitrator still appears to have misapplied the law. Gower brought his claims approximately one year after he discovered the alleged misrepresentations, so his claims would not have been barred under § 6-2-3, Ala.Code 1975.[10] It therefore appears that no potentially applicable statute of limitations *785 would bar Gower’s ILSFDA claims or his AUCA claims.
The fact that the arbitrator appears to have misapplied the law in denying Gower’s claims, however, does not authorize this Court to vacate the arbitration award under 9 U.S.C. § 10. Federal authorities are abundantly clear that an arbitrator does not exceed.his or her powers when the arbitrator misapplies the law. See, e.g., Hasbro, Inc. v. Catalyst USA, Inc., 367 F.3d 689, 692 (7th Cir.2004) (observing that, “‘[w]ith few exceptions, as long as the arbitrator does not exceed [her] delegated authority, her award will be enforced.’ Butler Mfg. Co. v. United Steelworkers of America, 336 F.3d 629, 632 (7th Cir.2003). This is so even if the arbitrator’s award contains a serious error of law or fact.”); Scott v. Prudential Sec., Inc., 141 F.3d 1007, 1014 (11th Cir.1998) (stating that “[i]t is settled law .'.. that ‘[c]ourts are generally prohibited from vacating an arbitration oh the basis of errors of law or interpretation’” (quoting O.R. Sec., Inc. v. Professional Planning Assoc., 857 F.2d. 742, 746 (11th Cir.1988))); ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1463 (10th Cir.1995) (stating that “[a]n arbitrator’s erroneous interpretations or applications of law are not reversible”); Miller v. Prudential Bache Sec., Inc., 884 F.2d 128, 130-31 (4th Cir.1989) (“[F]edetal courts have consistently held that they will not ‘set aside an arbitrator’s award for mere errors of law,’ Textile Workers Union of America [v. American Thread Co., 291 F.2d 894, 896 (4th Cir.1961)]. See also Revere Copper and Brass, Inc. v. Overseas Inv. Corp., 628 F.2d 81 (D.C.Cir.1980) (arbitrators’ award will not be set aside for failure to apply the traditional rules of contract construction); Office of Supply, Gov. of Republic of Korea v. New York Naval Co., 469 F.2d 377, 379 (2d Cir.1972) (‘An award will not be set aside because of an error on 'the-part of the arbitrators in their interpretation of the law.’); National R.R. [Passenger Corp. v. Chesapeake & Ohio Ry., 551 F.2d 136], at 143 [ (7th. Cir.1977) ] (‘It is well settled that an arbitrators’ award will not be vacated on the grounds that the arbitrators misinterpreted applicable law.’).”). Consequently, “ ‘a court’s ability to vacate an award under section 10(d) depends not on the outcome of a particular legal decision but rather on whether the arbitrators were requested to make the decision at all.’” McKee v. Hendrix, 816 So.2d 30, 35 (Ala.Civ.App.2001) (quoting J.A. Jones Constr. Co. v. Flakt, Inc., 731 F.Supp. 1061, 1064 (N.D.Ga.1990)).
 Thus, we return to the question whether the issue of the applicability of a statute of limitations to Gower’s claims was'submitted to the: arbitrator. As we noted above, Turquoise insists that the issue was submitted because it made a general plea that Gower’s “claims are barred by the applicable statute of limitations” in its answer to his first amended arbitration demand and in its answer to the claimants’ amended and consolidated arbitration demand. , Turquoise admits that it did not brief the issue of the applicability of a .statute of limitations to Gower’s ILSFDA antifraud claims or his AUCA.claims in either its pre-hearing or post-hearing briefs. It argues, however, that,
“[i]n each case where the arbitrator(s) exceeded power, the particular issue was not submitted because it was not expressly pled, argued, briefed or otherwise introduced into evidence or the record, and the issue was not encompassed by the parties’ . arbitration . agree-ment_That Appellees' did not brief the issue to Arbitrator Denaburg is not express withdrawal or waiver.”
Turquoise contends that Gower is seeking to impose the procedural rigors of court proceedings in arbitration, which “under *786 mines a central purpose of arbitration, that is to resolve disputes between parties in a manner not subject to the formalities and rules of court proceedings.”
Turquoise is correct that the many procedural requirements of court proceedings do not apply in the arbitration context.
“[T]he due process safeguards found in judicial proceedings are largely absent in arbitration. The reputed informality and the relative speediness of an arbitration procedure áre achieved by severely limiting discovery; imposing few evidentiary rules; giving the arbitrator almost unbridled discretion to. make decisions without basing them on established principles of law or making written findings to support the arbitrator’s conclusions; and providing virtually no right of appeal in the case of error in the arbitrator’s decision.”
Allstar Homes, Inc. v. Waters, 711 So.2d 924, 929 n. 1 (Ala.1997), overruled on other grounds by Ex parte Perry, 744 So.2d 859 (Ala.1999).
The difficulty here is-that the question is not simply whether the general issue of the applicability of the statute of limitations was presented to the arbitratbr. In this particular case, Turquoise refined that plea in its arguments submitted to the arbitrator. First, Turquoise pleaded- a specific statutory bar in its motion for an interim award, § 1711(a)(1), without arguing that any other statute of limitations applied to the claimants’ claims. Turquoise then abandoned its request for an interim award because it. agreed with the claimants that they were not asserting any claims to which the statutory bar of § 1711(a)(1) applied.
In its pre-hearing brief, Turquoise reiterated the argument from its motion for an interim award that any regulatory claims under the ILSFDA brought by the claimants were barred by § 1711(a)(1). In contrast, Turquoise made several arguments concerning the claimants’ claims pertaining to the antifraud provisions of the ILSFDA, but it did not contend that the statute of limitations for those provisions, § 1711(a)(2), applied to those claims. Turquoise likewise, presented arguments against the -claimants’ claims under the AUCA, but it did not argue to the arbitrator that those claims were barred by any applicable statute of limitations. At the close of its pre-hearing brief, Turquoise stated that it would “fully brief the arbitrator on all issues of law and fact after the hearing.” (Emphasis added.)
In the hearing on the claimants’ claims, Turquoise did not discuss the applicability of any statute of limitations. The arbitrator also did not ask the parties about the possible applicability of a statute of limitations to any of the claimants’ claims.
In its post-hearing brief — the brief Turquoise previously had indicated would discuss “all issues of law and fact” — Turquoise noted that the “[claimants claim relief under ILSFDA §§ 1703(a)(2)(A)-(C), ILSFDA’s anti-fraud provisions.” Turquoise made several arguments concerning those claims, -but it did not contend that the . claimants’ ILSFDA claims were barred by a statute of limitations. Turquoise also provided several arguments against the claimants’ AUCA claims, but it did not list the statute of limitations as a reason for denying the claimants’ AUCA claims.
In sum, Turquoise did more than just generally plead statute of limitations. It expressly argued, and then abandoned, one specific statute-of-limitations defense and then it never again urged,the arbitrator to apply a statute of limitations to the various claims actually brought by the claimants. *787 Turquoise offered extensive arguments concerning the claimants’ claims in its pre-hearing and post-hearing briefs — even mentioning the statute-of-limitations provision applicable to ILSFDA regulatory claims the claimants were not making — yet Turquoise never suggested to the arbitrator (and to the claimants) in those briefs or in the hearing itself that a statute of limitations applied to the claims actually brought by the claimants. “The very purpose of argument is to clarify the issues and aid the [decision-maker] in making proper findings thereon.” Metropolitan Life Ins. Co. v. Butler, 149 S.W.2d 187, 189 (Tex.Civ.App.1941). Through its arguments, Turquoise distilled the issues and arguments submitted to the arbitrator for consideration. Those issues did not include the applicability of a statute of limitations to the claimants’ claims. In short, as Gower correctly argues, Turquoise-“affirmatively chose to forgo any statute of limitations defense to the [claimants’ ... claims and therefore did not submit [the] same to the Arbitrator for decision.”
Because the issue of the applicability of a statute of limitations was not submitted to the arbitrator for decision, the arbitrator exceeded his powers in applying a statute of limitations to Gower’s claims. Under 9 U.S.C. § 10(d), this action by the arbitrator constitutes a legitimate reason to vacate the arbitration award. Given the fact that Gower had no indication as arguments unfolded before the arbitrator- that a statute of limitations could be in issue, we deem vacation of the award to be appropriate in this casé. Gower’s right to recovery must be reexamined absent consideration of any statute of limitatiohs to his claims. We therefore reverse the judgment entered on the arbitrator’s award, and we remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
PARKER, SHAW, MAIN, and BRYAN, JJ., concur.

. This case marks at least the third arbitration award our courts have reviewed stemming from disputes between Turquoise Properties and purchasers of condominium units at Turquoise Place. See Turquoise Props. Gulf, Inc. v. Overmyer, 81 So.3d 1250 (Ala.2011); Kitchens v. Turquoise Props. Gulf, Inc., 70 So.3d 377 (Ala.Civ.App.2010).

. ‘ The arbitrator stated that the reason for the urgent push to obtain preconstruction sales contracts was "so that the construction loan could be closed which occurred around July 13,2005.”

. Gower also listed claims of breach of contract and negligence and wantonness and sought a declaratory judgment.

. “Section 1703 is the heart of [ILSFDA]. There aré five subsections in section 1703, (a) through (e), with subsection (a) divided into two substantive sub-subsections. Subsection (a)(1) is the registration and disclosure provision; subsection (a)(2) is the anti-fraud part of [ILSFDA].” Richard Linquanti, Aspects of the Interstate Land Sales Full Disclosure Act, 44' Real Prop.' Tr. ,& Est. L.J. 441', 479 (2009).

.The consolidated arbitration demand also sought a declaratory judgment and set out claims of breach of contract, negligence, and wantonness. . • ,

. In summarizing these arguments, Turquoise stated that "as to the ILSFDA and fraud claims, [claimants have not carried their burden of proving falsity, materiality, reliance, causation or damages. Claimants also did not prove scienter.”

. 9 U.S.C, § 11 provides:
"In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—
“(a) Where there was an evident matéríal miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award, ,,
"(b) .Where the arbitrators have awarded upon a matter not submitted to them, Unless it is a mattér not affecting the merits of the decision upon the matter submitted. ■ '■
"(c) Where the award is. imperfect in matter of form not affecting the-merits of the controversy.
“The order may modify and correct the award, so as to effect the intent' thereof and promote justice between the parties.”

. Gower initially argues that the, arbitrator applied a four-year statute of limitations when none of the potentially applicable statutes of limitations are for four years, but the award simply states that “[n]o action to rescind the purchase agreement was taken by [Gower] for more than four (4) years after entering the same- The attempted rescission action taken after four (4) years is barred by the applicable statute of limitations.” The "four years” re- ' fers to the length of time between the execution of the preconstruction purchase agreement and Gower's attempted rescission; it does not refer to the time limit imposed by the allegedly applicable statute of limitations.

. It is unclear why the arbitrator invoked a statute of limitations in relation to the date of Gower’s attempted rescission of the precon-struction agreement. A statute of limitations, like that in § 1711, bars legal actions brought more than a certain period after a particular date. The date of Gower’s attempted rescission would have no bearing oh the applicability of a statute of limitations. Moreover, the right of rescission in the preconstruction purchase agreement provided that ”[a]t any time prior to the Effective Date or within seven (7) days of receipt of an Offering Statement whichever shall occur last, [Gower] shall have the right to rescind this offer to purchase.” The "effective date” of'the agreement Was May 11, 2005, and Gower received the offering statement'before that date.- Gower did not attempt to rescind'-the agreement until August 10, 2009. Thus, it is clear from the facts that Gower’s right of rescission had passed before he invoked it, but this fact does *784 not explain why Gower's fraud claims under federal and Alabama law would be barred by, as the arbitration award states, “the applicable statute of limitations.”

. Alabama Code 1975, § 6-2-3, provides:
“In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.”